IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


UNITED STATES OF AMERICA,

v.                                                          CASE NO. 1:05-cr-00028-MP-AK

JAMES ROOSEVELT DARBY, JR,

        Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 116,  regarding whether, based on Amendments

706, 711 and 715 to the United States Sentencing Guidelines ("Guidelines"), the Court should

reduce the term of imprisonment originally imposed on Defendant.

**Statutory Background**

Under 18 U.S.C. § 3582(c), a sentencing Court may reduce an already-imposed sentence

based on an amendment to the Sentencing Guidelines in certain situations.  Specifically, §

3582(c) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the
> Sentencing Commission pursuant to 28 U.S.C. § 994(o),[1] upon motion of the
> defendant, the director of the Bureau of Prisons, or on its own motion, the court
> may reduce the term of imprisonment, after considering the factors set forth in
> section 3553(a) to the extent they are applicable, if such a reduction is consistent
> with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, the United States Sentencing Commission amended

Section 2D1.1, which sets out the Base Offense Levels to be applied to drug offenses.  Basically,

---

[1]28 U.S.C. § 994(o) requires the Commission to "periodically . . . review and revise . . .
the guidelines."

by readjusting the minimum amount of crack cocaine required to trigger each Base Offense

Level, the Commission effectively reduced by two levels all Base Offense Levels for crack

cocaine offenses.  For example before the Amendment, a person who was responsible for 2 KG

of crack cocaine would trigger the highest Base Offense (Level 38, whose cut off was 1.5 KG).

Now, the cut-off for Level 38 is 4.5 KG, and the same defendant would fall into Level 36, which

runs from 1.5 KG to 4.5 KG.  This amendment was for a while called Amendment Nine of 2007,

but eventually was incorporated as Amendment 706 in the Supplement to Appendix C.

Amendment 706 was further amended, in part, by Amendment 711.[2]

With effective dates of November 1, 2007, it was clear that these Amendments would

apply to those sentenced after that time.  However, the question immediately arose whether these

Amendments should be applied retroactively to sentences imposed before November 1, 2007.

Pursuant to 18 U.S.C. § 3582(c), such retroactive application is only proper if (1) the defendant's

sentencing range has subsequently been lowered by the Sentencing Commission; (2) the

reduction is consistent with the factors set forth in section 3553(a) to the extent they are

applicable; and (3) such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.

With regard to the last question - whether retroactive application of an amendment to the

---

[2]Amendment 711 amended how cocaine base and multiple other drugs were to be
converted to their marijuana equivalent - See Supplement to Appendix C (November 1, 2004,
through November 1, 2007) - Amendment 711.  Amendment 706 had directed to first find the
base offense level for the other controlled substance involved, then use the table to determine the
cocaine base marijuana equivalent.  Amendment 711 reversed amendment 706 on this point and
said to first find the offense level for the cocaine base involved and convert the cocaine base to
its marijuana equivalency.  Then, the Court would add in the other controlled substances once
they were converted to their marijuana equivalency.

Guidelines is consistent with applicable policy statements - the Commission makes its policy statements regarding retroactivity of amendments by periodically amending Guidelines § 1B1.10.  That section contains the Commission's policy statement on retroactivity and, in § 1B1.10(c), the Commission expressly lists the Amendments that it intends to have retroactive effect.  After a hearing cycle, the Commission eventually decided that Amendments 706 and 711 should be applied retroactively and thus amended the policy statement at § 1B1.10 to list Amendments 706 and 711.  This Amendment to § 1B1.10 had an effective date of March 3, 2008.  The effect of all this was that the Commission had thus voted to give retroactive effect, as of March 3, 2008, to Amendments 706 and 711.

**Applying the Retroactivity Provisions in § 1B1.10 in General**

In addition to adding Amendments 706 and 711 to the list of retroactively effective amendments, the amended § 1B1.10 contains some exclusions and limitations.  First, § 1B1.10 provides:

> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

In the Application Notes, the Commission gives this explanation:

> *Eligibility.—Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) is*

> *applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).*

Additionally, § 1B1.10 allows the Court, but does not require the Court, to depart below the minimum of the amended guidelines range in cases where the original sentence was below the Guidelines range:

> Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

Guidelines § 1B1.10(b)(2)(B).  This provision applies most often to cases in which a substantial assistance motion under Guidelines § 5K1.1 or 18 U.S.C. § 3553(e) or Fed. R. Crim. P. 35(b) (or all three) is or are filed by the Government.  In such cases, the Court can, but is not required to, reduce the sentence to represent a similar percentage reduction when compared to the amended Guidelines range.  As the Application Notes to Guidelines § 1B1.10 state:

> *If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate. For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.*

The Court notes, however, that when the undersigned considers whether to impose a sentence below a statutory minimum (under 18 U.S.C. § 3553(e)), to depart downward from the Guidelines (pursuant to § 5K1.1), or to reduce a sentence under Fed. R. Crim. P. 35(b), the Court expressly considers the factors listed in 18 U.S.C. § 3553 to craft a sentence that is appropriate under the totality of the circumstances.  Accordingly, it is likely that an Amendment to the Guidelines, from which the Court in such cases has already been freed, would not affect the Court's determination of the appropriate sentence in cases where a previous downward departure or reduction has been granted.

Also, by its language, 18 U.S.C. § 3582(c) applies only to "a term of imprisonment based on a sentencing range."  Thus as Application Note 4 states, "*Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.*"

Finally, and most importantly, 18 U.S.C. § 3582(c) and § 1B1.10 make clear that the question of whether "a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants" remains squarely within "the sound discretion of the court." See Background to § 1B1.10, which states:

> *The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.*

**Application to the Instant Case**

With these principles in mind, we turn to the instant case.  Here, the Defendant escaped a mandatory minimum sentence of 240 months by obtaining a substantial assistance motion.  His original sentence, 120 months was also below the bottom of his Guidelines range of 240-262 months.  This sentence represented the discretion of the Court taking into account all the circumstances of the case, once the Court was free of the Guidelines and the statutory mandatory minimum.

Accordingly it is hereby

**ORDERED AND ADJUDGED:**

No reduction pursuant to 18 U.S.C. § 3582(c)(2) is appropriate, and the motion at Doc. 116 is denied.

**DONE AND ORDERED** this  _15th_  day of December, 2008

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge